UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THATH SIN,   )<br>      Plaintiff,   )<br>   )<br>vs.   )<br>   )<br>   )<br>MASSACHUSETTS DEPARTMENT OF   )<br>CORRECTIONS, JAMES J. SABA,   )<br>CURTIS A. DEVENEAU, SANDRA RICHARD,   )<br>and MICHAEL DOIRON,   )<br>      Defendants.   )<br>   ) | **CIVIL ACTION**<br>**NO.  10-40226-FDS** |

**ORDER**
**March 15, 2012**

**HILLMAN, M.J.**

**Nature of the Proceeding**

This matter was referred to me by Order of Reference dated September 9, 2011, for a decision on Thath Sin's ("Plaintiff" or "Sin") Motion For Renewal Of Motion To Appoint Counsel (Docket No. 21).

**Nature of the Case**

Sin has filed a Complaint against: the Massachusetts Department of Correction; James J. Saba, Superintendent of the North Central Correctional Institution, Gardner, Massachusetts ("NCCI Gardner"); and Curtis A. Deveneau, Sandra Richard, and Michael Doirin, all of whom are correctional officers assigned to NCCI-Gardner. Sin has asserted claims against the

Defendants under 42 U.S.C. §1983[1] for violation of his civil rights by: firing him from his institutional employment based on his race (Cambodian), in violation of the Fourteenth Amendment; terminating his institutional employment without notice or a hearing, in violation of his Fourteenth Amendment procedural due process rights; and restricting him from obtaining new employment, in violation of the Eighth Amendment prohibition against cruel and unusual punishment.

## Background

At the time that he filed his Complaint, Sin filed a Motion to Proceed *in forma pauperis* (Docket No. 2) and Motion For Appointment Of Counsel (Docket No. 3). The Court (Saylor, D.J.) denied his motion to proceed *in forma pauperis*, without prejudice, for failure to file a certified prison account statement. Thereafter, Sin filed a certified prison account statement, but did not file a renewed motion to proceed *in forma pauperis*. Sin's motion for appointment of counsel was denied without prejudice; the Court stated that Sin could renew his motion for appointment of counsel after the Defendants had filed responsive pleadings (*see* Docket No. 7). Shortly after the Defendants filed their answer, Sin filed this renewed motion for appointment of counsel. Thereafter, the Defendants have filed a motion to dismiss the Complaint, or in the alternative for summary judgment.

---

[1] Sin is proceeding *pro se* and for that reason, his pleadings will be construed liberally. *See Ashmont v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). Sin does not expressly cite to Section 1983, however, given the nature of his claims and the legal and factual assertions made in support thereof, it appears that his intent is to pursue a federal civil rights claim

**Discussion**

There is no constitutional right to a free lawyer in civil cases. *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991); *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986). However, "[t]here is little question that the district court may in its discretion, under 28 U.S.C. § [1915(e)(1)][2] appoint counsel to represent an indigent prisoner in a civil rights case." *Childs v. Duckworth*, 705 F.2d 915, 922 (7th Cir. 1983).

*The Applicable Legal Standard*

In order to qualify for appointment of counsel under Section 1915(e)(1), the party must be indigent and "exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights." *DiBuono v. Guckenheimer Enterprises, Inc.,* Civ. No. 10-40255-FDS, 2011 WL 180554, (D.Mass. Jan. 13, 2011); *Cookish*, 787 F.2d at 2. To determine whether exceptional circumstances exist, the court must look to the totality of the indigent party's situation. *DesRosiers*, 949 F.2d at 24. There are several factors that demonstrate "exceptional circumstances", such as: "the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; the complexity of the factual and legal issues involved; and the capability of the indigent litigant to present the case." *Cookish*, 787 F.2d at 3 (internal citations omitted).

These factors are not exclusive. *DesRosiers*, 949 F.2d at 24 (a court must examine the total situation and can use a variety of reasons to decide a motion for appointment of counsel). Other factors the court may use to determine whether to appoint counsel in civil proceedings are: the likelihood of success of the claim; whether information necessary to support a petitioner's

---

[2] Formerly, 28 U.S.C. § 1915 (d).

claims are available in prior court filings; and the petitioner's prior experience litigating his or her own claims. *United States v. Mala*, 7 F.3d 1058, 1063 (1st Cir. 1993) (noting the "fair likelihood of success on the constitutional claim" cut towards appointing counsel for habeas petitioner); *Lucien v. Spencer*, 534 F.Supp.2d 207, 210 (D.Mass. 2008) ("When a petitioner can find the information necessary to support his claims in prior court filings, appointment of counsel is typically not appropriate."); *Carmichael v. Warden*, 346 F. Supp. 2d 207, 209 (D.Me. 2004) (noting the "veteran litigator" petitioner's previous involvement in lawsuits and his ability to file appropriate motions demonstrate an ability to represent himself).

### *Whether Counsel Should Be Appointed In This Case*

Sin has not been granted the right to proceed *in forma pauperis* and therefore, he has failed to establish that he is financially eligible for appointment of counsel.[3] Nevertheless, for purposes of the remainder of this discussion, the Court will assume that Sin has satisfied the indigency requirement. In support of his request, Sin asserts: (1) that if the Court deems discovery or a trial necessary, then he will require assistance of counsel; (2) his native language is not English and he is not always able to properly comprehend and express himself in English; (3) his being incarcerated will limit his ability to effectively litigate because the issues involved are complex and will require the assistance of a skilled professional to conduct legal research and investigate and he has very limited knowledge of the law; (4) the evidence in this case is likely to be conflicting and counsel will be better able to present evidence and cross examine

---

[3] Sin filed a certified copy of his Prisoner Trust Fund Account Statement in November 2010 (Docket No. 6). If Sin's financial situation has not improved, then it is likely the Court would find him indigent of he were to file more recent information concerning his finances.

witnesses; and (5) he has attempted to obtain a lawyer, without success. (*See* Docket Nos. 3 and 21).

First, the legal issues are complex, but not unusually so and the underlying supporting facts are straightforward. In his pleadings, Sins has more than adequately articulated the legal and factual bases of his claims. His pleadings are comprehensive, well thought out and exhibit that he is literate in the English language. Furthermore, as evidenced by his responses to the Defendants' motion to dismiss, Sin has sufficient ability to understand legal issues as they arise and to draft coherent legal arguments. Finally, the Court must consider the merits of Sin's claims. Although at this very early stage of the proceedings the Court has little information from which to assess the merits of the Sin's case, the Defendants have filed a dispositive motion which raises a number of legal arguments which are likely to dispose of at least some, if not all, of the asserted claims. For that reason, I find that he is not likely to succeed on the merits with respect to at least some of his case.

I find that Sin has failed to establish that he is indigent and for that reason alone, his motion for appointment of counsel is denied. Additionally, considering the relevant factors, at this early stage of the proceedings, I do not find that Sin has demonstrated the existence of exceptional circumstances sufficient to warrant the appointment of counsel. Therefore, his motion to appoint counsel is denied, without prejudice.

## **Conclusion**

The Motion For Renewal Of Motion To Appoint Counsel (Docket No. 21) is ***denied***.

                                **/s/ Timothy S. Hillman**
                                Timothy S. Hillman
                                United States Magistrate Judge